## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| GUY I. GREENE,<br><br>                    Plaintiff,<br><br>v.<br><br>KELLY LAKE; PAUL COUGHLIN, BRIAN BELICH, DAVE KAMUNEN; JASON WILMES; CAMMI WERNER; TRAVIS WARNYGORA; JOHN DOES, an unknown number; JANE DOES, an unknown number; and TOM ROY;<br><br>                    Defendants. | Case No. 0:17-cv-3551-SRN-KMM<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

In this litigation, Guy I. Greene has brought civil rights claims pursuant to 42 U.S.C. § 1983 arising out of a recent term of incarceration at Carlton County Jail. His Amended Complaint alleges constitutional violations as a result of conditions in the Jail.

Mr. Greene filed a Motion for Class Certification [ECF No. 37], which the District Court referred to the undersigned for a Report and Recommendation [ECF No. 46]. In his motion, Mr. Greene asserts that this case should be certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. [ECF No. 37 at 5 (citing Rule 23(a) and Rule 23(b)(2)).] The scope of the class for which Mr. Greene seeks certification is unclear, though he asserts that his "Amended Complaint makes allegations that concern all of the individuals detained in the Carlton County Jail and who are threatened with future unconstitutional detention at Carlton County Jail." [*Id.* at 5.]

1

Without determining whether the issues raised by Mr. Greene are appropriate for class resolution, the Court concludes that class certification in this case at this time is inappropriate. Mr. Greene is not a lawyer and is representing himself in this litigation. It is well established that a non-attorney plaintiff like Mr. Greene cannot represent the interests of any individual other than himself, including putative class members. *Ziegler v. State of Michigan*, 90 Fed. App'x 808, 810 (6th Cir. 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("[N]onattorenys proceeding pro se cannot adequately represent a class."); *Johns v. County of San Diego*, 113 F.3d 874, 876 (9th Cir. 1997) (finding that a non-attorney can appear *pro se* on his own behalf but not on behalf of others); *Covington v. Allsbrook*, 636 F.2d 63, 64 (4th Cir. 1980) (concluding that a non-lawyer inmate was not qualified to represent fellow inmates in class action claim), *abrogated on other grounds by Becker v. Montgomery*, 532 U.S. 757 (2001); *Perkins v. Holder*, No. 13-cv-2874 (PAM/FLN), 2014 WL755378, at *5 n.8 (D. Minn. Feb. 26, 2014) (citing *Fymbo*, 213 F.3d at 1321)); *Smith v. LeBlanc*, No. 02-cv-4100 (ADM/RLE), 2003 WL 23101806, at *2 (D. Minn. Dec. 30, 2003) ("[A] pro se litigant, especially one untrained in law, cannot fairly and adequately protect the interests of the other class members.").

Mr. Greene suggests that the Court should nevertheless certify this case as a class action because it can appoint counsel to represent the class pursuant to Rule 23. [ECF No. 37 at 3 (indicating that the members of the class "will upon appointment of class counsel by the court after class certification[ ] have competent representation").] But Rule 23 does not provide a basis for the appointment of counsel in a case for a pro se litigant. *Shepard v. Waterloo*, No. 14-cv-2057-LRR, 2015 WL 2238358, at *1-2 (N.D. Iowa May 12, 2015) (reasoning that Rule 23's provisions referencing appointment of class counsel "do[ ] not contemplate appointing an attorney for a pro se litigant"); *see also Jackson v. Dayton*, No. 15-cv-4429 (WMW/JJK), 2016 WL 2931616, at *1 (D. Minn. Mar. 22, 2016) (citing *Shepard*), *R&R adopted by* 2016 WL 2930913 (D. Minn. May 19, 2016). Rather, Rule 23 authorizes appointment of interim counsel to represent a putative class before determining whether to certify a case as a class action and subsequent appointment of class counsel following certification. Fed. R. Civ.

P. 23(g). Such appointments would only be made for "an attorney or attorneys who have sought appointment," *Shepard*, 2015 WL 2238358, at *1 (quoting Fed. R. Civ. P. 23(g), advisory committee's note), which has not occurred in this case.[1]

For these reasons, **IT IS HEREBY RECOMMENDED** that Mr. Greene's Motion for Class Certification **[ECF No. 37]** be **DENIED**.

Date: January 16, 2018                 *s/Katherine Menendez*
                                        Katherine Menendez
                                        United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.

---

[1] On October 23, 2017, the Court denied Mr. Greene's request for appointment of counsel. [Order at 2-3, ECF No. 20.] Mr. Greene's interest in having this case certified as a class action does not change the Court's conclusion that appointment of counsel is inappropriate at this time.