UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| GUY I. GREENE, | Case No. 0:17-cv-3551-SRN-KMM |
| Plaintiff, | |
| v. | |
| KELLY LAKE; PAUL COUGHLIN, BRIAN BELICH, DAVE KAMUNEN; JASON WILMES; CAMMI WERNER; TRAVIS WARNYGORA; JOHN DOES, an unknown number; JANE DOES, an unknown number; and TOM ROY; | **REPORT AND RECOMMENDATION** |
| Defendants. | |

---

Guy I. Greene brought this action asserting several civil rights claims pursuant to 42 U.S.C. § 1983 and supplemental state law claims. All of these claims arise out of a period when Mr. Greene was confined at Carlton County Jail from March through August 2017. He makes several allegations about the conditions of his confinement while he was held in the Jail. [*See* Am. Compl., ECF No. 25.] Among the defendants Mr. Greene named in the Amended Complaint is Tom Roy, the Commissioner of the Minnesota Department of Corrections. [Am. Compl. at 1 (caption); *id.* at 2, ¶ 5; *id.* at 24, ¶ 116.] Mr. Greene alleges that Commissioner Roy "failed to properly train and supervise the other defendants and [his] actions/failures to act to correct [the] known violations of the plaintiffs' civil rights, led to, and proximately caused those violations." [Am. Compl. at 24, ¶ 116.] In his Prayer for Relief, Mr. Greene seeks an injunction and damages. [Am. Compl. at 30-31 (Prayer for Relief).]

Commissioner Roy has filed a Motion to Dismiss, which is now before the Court. [Def. Roy's Mot., ECF No. 30.] Commissioner Roy argues that any claim

1

against him for damages in his official capacity should be dismissed pursuant to the doctrine of sovereign immunity. [Def.'s Mem. at 3-4, ECF No. 32.] He next argues that Mr. Greene's claims for injunctive relief should be dismissed because Greene is no longer confined in the Carlton County Jail. [*Id.* at 4-5.] And finally, Commissioner Roy argues that the Amended Complaint fails to allege sufficient facts to state an individual-capacity claim against him. [*Id.* at 5-6.] For the reasons that follow, the Court recommends that Commissioner Roy's motion to dismiss be granted.

I.      **Immunity and Official Capacity Damages Claims**

States enjoy sovereign immunity from claims for damages asserted in federal lawsuits. *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006). This immunity applies to a suit for damages asserted against a State official sued in his official capacity because such claims are no different than a claim against the State itself. *Id.* (noting that sovereign immunity "bars private parties from bringing actions for damages against unconsenting states in federal courts"); *see also King v. Dingle*, 702 F. Supp. 2d 1049, 1068 (D. Minn. 2010). "Thus, the Eleventh Amendment bars actions, in Federal Court, which seek monetary damages from individual State Officers, in their official capacities, . . . for the recovery of money from the state." *King*, 702 F. Supp. 2d at 1069 (quotation omitted). Section 1983 does not abrogate a State's sovereign immunity. *Thomas*, 447 F.3d at 1084 (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).

In addition to individual capacity claims, the Amended Complaint asserts claims against Commissioner Roy in his official capacity. Because Commissioner Roy is an employee of the State of Minnesota, Mr. Greene's official-capacity claims against Commissioner Roy are no different than a suit against the State itself. *See King*, 702 F. Supp. 2d at 1069 ("A suit against a public employee in that person's official capacity is merely a suit against the public employer."). Mr. Greene's Prayer for Relief seeks compensatory, punitive, and any other monetary damages to which he may be entitled. The doctrine of sovereign immunity bars these official-capacity damages claims. Mr. Greene provides no basis for the Court to conclude otherwise in his

response to the motion to dismiss. [Pl.'s Resp., ECF No. 40.] Accordingly, the Court concludes that the official-capacity claims for damages against Commissioner Roy should be dismissed.

## II.   Mootness and Claims for Prospective Injunctive Relief

Commissioner Roy argues that Mr. Greene cannot maintain a claim for prospective injunctive relief because he is no longer confined in Carlton County Jail, essentially asserting mootness. When a plaintiff seeks injunctive relief, he must show that he "faces a threat of future or ongoing harm." *Park v. Forest Serv. of the United States*, 205 F.3d 1034, 1037 (8th Cir. 2000). Speculation that a future injury may occur is inadequate to support a claim for injunctive relief, *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983), and the plaintiff must show that the threat is "real and immediate," *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). If a plaintiff is able to show that a threat of future harm is real and immediate, he can show that injunctive relief "will remedy the alleged harm." *Stell Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998). However, "[c]laims for equitable and injunctive relief are moot when the plaintiff is no longer subject to the conditions of confinement of which he complains." *Roblero-Barrios v. Ludeman*, No. 07-cv-4101 (MJD/FLN), 2008 WL 4838726, at *10 (D. Minn. Nov. 5, 2008) (citing *Senty–Haugen v. Goodno*, No. 04-cv-1077 (ADM/JJG), 2005 WL 2917464, at * 3 (D. Minn. Nov. 4, 2005)).

The record here demonstrates that Mr. Greene is no longer held in the Carlton County Jail. On August 12, 2017, Mr. Greene filed a notice of change of address, which indicates that, as of that date, he was no longer confined at the Jail. Because Mr. Greene is no longer held in Carlton County Jail, he is no longer subject to the conditions of confinement that are the subject of the allegations in his Amended Complaint. Therefore, he cannot show that he faces a real and immediate threat of future harm. This reality makes his claims for prospective equitable and injunctive relief moot.

In response to this argument, Mr. Greene does not assert that he is still confined at the Jail. Instead, he argues that this case is not moot because he pled it as a putative class action and it "involves ongoing injury to class members at the Carlton County Jail who do not know what's going on in this litigation. . . ." [Pl.'s Resp. at 5.] However, this reasoning is unpersuasive. Although Mr. Greene has asserted that he was bringing this case on behalf of others in the same situation, as this Court explained in recommending denial of his motion for class certification, Mr. Greene cannot represent the interests of anyone other than himself in federal court because he is not an attorney.

Accordingly, the Court recommends that Mr. Greene's claims for prospective injunctive relief be dismissed as moot because he is no longer confined in Carlton County Jail.[1]

### III.   Failure to State a Claim

With respect to the claims against Commissioner Roy in his individual-capacity, the motion to dismiss asserts that Mr. Greene has failed to plead facts sufficient to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 500 U.S. 544, 570 (2007). This standard does not require the inclusion of "detailed factual allegations" in a pleading, but the complaint must contain facts with enough

---

[1]   Because the Court finds that Mr. Greene's claims for prospective injunctive relief against Commissioner Roy are moot, it does not address the additional argument raised by Commissioner Roy that such claims must be dismissed because he has no direct authority over conditions in county jails. [*See* Def.'s Mem. at 4-5.] The Court notes that the same analysis applicable to the claims for prospective injunctive relief against Commissioner Roy likely applies to such claims against any of the other defendants. In essence, because Mr. Greene is no longer confined at the Carlton County Jail, he cannot obtain prospective injunctive relief concerning the conditions at the Jail. This says nothing, however, about the viability of any of his damages claims.

specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In applying this standard, the Court must assume the facts in the complaint to be true and must construe all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). But the Court does not need to accept as true any wholly conclusory allegations, *Hanten v. School District of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.1999), or legal conclusions that the plaintiff draws from the facts pled, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Because Mr. Greene is representing himself in this litigation, the Court reads his complaint liberally. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). The Court will also consider statements in Mr. Greene's memorandum in response to the motion to dismiss in analyzing the sufficiency of the allegations in the complaint. *See Pratt v. Corrections Corp. of Am.*, 124 Fed. App'x 465, 466 (8th Cir. Feb. 14, 2005) ("Initially, we note the district court was required to consider the allegations not only in Mr. Pratt's pro se complaint, but also his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings.").

Applying these principles here, the Court concludes that Mr. Greene has failed to state a claim against Commissioner Roy in his individual capacity. Commissioner Roy is barely mentioned in the Amended Complaint. He is identified by name as a defendant in Section I of the amended pleading, which lists the parties to the lawsuit. [Am. Compl. at 2, ¶ 5.] Commissioner Roy's name appears again in paragraph 116 near the end of the lengthy Section II, which comprises the "Statement of Claim." [*Id.* at 24, ¶ 116.] However, there are no facts in the Amended Complaint that show

5

Commissioner Roy was personally involved in any action that deprived Mr. Greene of his constitutional rights. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (concluding that plaintiff's § 1983 claims against the warden of a prison were not cognizable because the plaintiff did not allege the warden was personally involved in or had direct responsibility for incidents that injured him). For that reason, Mr. Greene fails to state any individual-capacity claim against Commissioner Roy for a violation of constitutional rights under 42 U.S.C. § 1983.

In paragraph 116 of the Amended Complaint, Mr. Greene alleges that Commissioner Roy is among a group of the named defendants who failed to properly supervise and train other defendants, causing violations of Greene's civil rights. [*Id.*] However, this conclusory assertion lacks any factual elaboration anywhere in the pleading. It is the type of bare-bones averment that is insufficient to state a claim for failure to train or supervise. *See Daywitt v. Minnesota*, No. 14-cv-4526 (MJD/LIB), 2015 WL 4094199, at *11 (D. Minn. July 6, 2015) (concluding that pro se plaintiffs' failure-to-train allegations were insufficient to maintain such a claim because the plaintiffs merely alleged that the defendants "inadequately supervised and trained their employees") (internal quotations and alterations omitted).

The only other places the Amended Complaint directly mentions Commissioner Roy are in the paragraphs listing Counts XI, XII, XIII, and XIV. [Am. Compl. at 28-30.] With respect to Count XI and Count XII, Mr. Greene articulates claims for (1) intentional infliction of emotional distress and (2) negligent infliction of emotional distress, respectively. [*See id.*] The assertions in these Counts suffer from the same flaw that the Court has identified above—the Amended Complaint just does not say much of anything about what Commissioner Roy did or did not do. Mr. Greene's Amended Complaint lacks sufficient factual detail regarding Commissioner Roy's conduct that would plausibly show the Commissioner engaged in any extreme or outrageous conduct with the intent to cause Mr. Greene severe emotional distress that would be sufficient to sustain a claim for intentional infliction of emotional distress against him. *See Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d

428, 438-39 (listing the elements of an intentional infliction of emotional distress claim under Minnesota law). Similarly, there are no factual allegations in the Amended Complaint that plausibly show Commissioner Roy acted negligently in taking any action or failing to act such that Mr. Greene was placed in a zone of danger of physical impact, causing him to suffer severe emotional distress with accompanying physical manifestations. *Wall v. Fairview Hosp. & Healthcare Servs.*, 584 N.W.2d 395, 408 (Minn. 1998) ("To establish a claim for negligent infliction of emotional distress, a plaintiff must show that she was within a zone of danger of physical impact, reasonably feared for her safety, and suffered severe emotional distress with accompanying physical manifestations."). These two counts are inadequately pled and simply fail to state a claim.

In Count XIII, Mr. Greene mentions Commissioner Roy's name among others in a count asserting a negligent failure to train. However, as noted above, Mr. Greene's factual allegations concerning the alleged failure to train or supervise are insufficient because they are wholly conclusory. In Count XIV, Mr. Greene alleges that he was treated differently from similarly situated persons in violation of the Fourteenth Amendment. As explained above, he has failed to state an individual-capacity claim against Commissioner Roy under Count XIV because he has not alleged the Commissioner's personal involvement. To the extent Count XIV is based on an alleged violation of the Minnesota Constitution [*see* Am. Compl., Count XIV], the Court finds that any such claim against Commissioner Roy should be dismissed because Minnesota courts have not recognized a private right of action to address violations of the Minnesota Constitution. *See Richards v. Dayton*, No. 13-cv-3029 (JRT/JSM), 2015 WL 1522199, at *34 (D. Minn. Jan. 30, 2015) (explaining that state-law claims against state officials in their individual capacities do not include alleged violations of the Minnesota Constitution).

For these reasons, the Court concludes that Mr. Greene's individual-capacity § 1983 claims against Commissioner Roy should be dismissed for failure to state a

claim, as should his supplemental state law tort claims for intentional and negligent infliction of emotional distress.

## IV. Recommendation

For the reasons described above, **IT IS HEREBY RECOMMENDED** that Defendant Tom Roy's Motion to Dismiss **[ECF No. 30]** be **GRANTED** and the Amended Complaint should be **DISMISSED** as to Commissioner Roy.

Date: April 24, 2018                         *s/Katherine Menendez*
                                             Katherine Menendez
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.