UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GUY I. GREENE, | Case No. 0:17-cv-3551-SRN-KMM |
| Plaintiff, | |
| v. | |
| KELLY LAKE; PAUL COUGHLIN, BRIAN BELICH, DAVE KAMUNEN; JASON WILMES; CAMMI WERNER; TRAVIS WARNYGORA; JOHN DOES, an unknown number; JANE DOES, an unknown number; and TOM ROY; | **ORDER** |
| Defendants. | |

On May 11, 2018, the plaintiff, Guy Greene, filed two letters asking the Court to either enter an order appointing counsel to represent him or compelling the Minnesota Sex Offender Program ("MSOP") at Moose Lake, where he is confined, to allow Mr. Greene to purchase his own laptop computer with internet access so he can conduct legal research. [ECF Nos. 63–64.] Mr. Greene alleges that the conditions of the law library and other legal research resources at the MSOP facility place him on an uneven playing field with the defendants. [*Id.*] On May 29, 2018, as ordered by the Court, the Defendants' filed concise letter briefs in which they argue that Mr. Greene's requests should be denied. [ECF Nos. 68–69.]

The Court denies Mr. Greene's request for appointment of counsel without prejudice at this time. Indigent litigants, like Mr. Greene, do not have a constitutional or statutory right to counsel in civil cases, but such an appointment is within the discretion of the trial court. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). "The relevant criteria for determining whether counsel should be appointed include the

factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted). If the motion for counsel is brought early in the proceeding, there may be "no conflicting testimony" and no indication in the record that plaintiff is "unable to investigate or present his case." *Phillips*, 437 F.3d at 794 (affirming denial of counsel where "[d]iscovery had just begun" and plaintiff had "identified the applicable legal standard governing his claims and successfully amended his complaint to include essential information."). Mr. Greene has so far been able to communicate with the Court and his pleadings show that he is able to investigate his claim and describe both the factual and legal issues in his case. Moreover, the Court finds that neither the facts nor the legal issues raised in the complaint are so complex as to warrant the appointment of counsel at this time. However, the Court denies Mr. Greene's motion for appointment of counsel without prejudice; Mr. Greene can renew his motion if the relevant circumstances in this litigation change in the future.

Mr. Greene's alternative request that the Court require MSOP to allow him to purchase his own laptop computer to conduct legal research is also denied. MSOP is not a party in this case.[1] As such, the Court cannot issue an order enjoining MSOP's actions in this litigation. *See King v. Holland*, No. 1:15-cv-01885-DAD-BAM (PC), 2017 WL 1632132, at *1 (E.D. Cal. May 2, 2017), *report and recommendation adopted*, No.

---

[1] Because MSOP is not a party, Mr. Greene's reliance on *Pollack v. Holanchock*, No. 10-cv-2402-RPP, 2011 WL 4867558 (S.D.N.Y. Oct. 13, 2011), is misplaced. In *Pollack*, the court required one of the defendants to provide the plaintiff with internet access so he could conduct legal research related to his ongoing litigation where that defendant was responsible for eliminating its law library. *Id.* at *2 (describing an earlier order requiring a defendant, which was the psychiatric center where the plaintiff was confined, to provide the plaintiff "with free internet access of Findlaw and Wikipedia Legal Research as well as access to fax, legal correspondence, (incoming and outgoing) to conduct the ongoing litigations to which he is a party").

115CV01885DADBAM, 2017 WL 3421570 (E.D. Cal. Aug. 9, 2017) ("Additionally, district courts lack the authority to issue an injunction directed at an entity or individual that is not a party before it."); *Tolbert v. Koenigsmann*, No. 9:13-cv-1577 (LEK/DEP), 2016 WL 3349317, at *3 (N.D.N.Y. June 15, 2016) ("The Court has no power to enforce an injunction against individuals who are not parties to the lawsuit.").

For these reasons, Mr. Greene's letter requests **[ECF Nos. 63–64]** are **DENIED**.

Date: June 4, 2018                                  *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States Magistrate Judge