# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Guy I. Greene,<br><br>    Plaintiff,<br><br>v.<br><br>Kelly Lake; Paul Coughlin; Brian Belich; Dave Kumanen; Jason Wilmes; Cammi Werner; Travis Warnygora; Tom Roy; John Does, an unknown number; and Jane Does, and unknown number; sued in their individual and official capacities,<br><br>    Defendants. | Case No. 17-cv-3551 (SRN-KMM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Guy I. Greene, 1111 Highway 73, Moose Lake, Minnesota 55767, pro se.

Susan M. Tindal, Iverson Reuvers Condon, 9321 Ensign Avenue South, Bloomington, Minnesota 55438, for Defendants Kelly Lake; Paul Coughlin; Brian Belich; Dave Kumanen; Jason Wilmes; Cammi Werner; and Travis Warnygora.

Kelly S. Kemp, Minnesota Attorney General's Office, 445 Minnesota Street Ste. 900, St. Paul, Minnesota 55101, for Defendant Tom Roy.

SUSAN RICHARD NELSON, United States District Judge

   This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Katherine M. Menendez dated January 16, 2018 [Doc. No. 47] recommending denial of Plaintiff's Motion for Class Certification [Doc. No. 37]. Plaintiff Guy I. Greene ("Plaintiff") filed "Plaintiff's Objection to the Report and Recommendation." (Pl.'s Obj. to R&R [Doc. No. 48].) Defendants Lake, Coughlin, Belich, Kumanen, Wilmes, Werner, and Warnygora (collectively, "Carlton County

Defendants") filed a timely response [Doc. No. 50].[1] For the reasons set forth below, the Court overrules Plaintiff's Objection, adopts the R&R in its entirety, and denies Plaintiff's Motion for Class Certification.

## I. BACKGROUND

The factual and procedural background of Plaintiff's case is detailed in three separate R&Rs by Magistrate Judge Menendez and is incorporated herein by reference. (See Docs. No. 9, 47, 62.) Plaintiff is housed with the Minnesota Sex Offender Program at Moose Lake, where he has limited access to legal resources and to the internet. (See June 4, 2018 Order [Doc. No. 70].) He brought this civil rights action pro se under 42 U.S.C. § 1983 for alleged harms arising out of an unrelated period of incarceration in the Carlton County Jail. Plaintiff sued the Jail itself, its employees, and the Commissioner of the Minnesota Department of Public Corrections.[2] (Am. Compl. at 2–3 ¶¶ 1–10 [Doc. No. 25].)[3] Plaintiff alleged fourteen counts, including a variety of constitutional and state law tort claims. (Id. at 25–30.)

---

[1] Defendant Commissioner Tom Roy also filed a timely response [Doc. No. 49], but claims against Roy have since been dismissed for failure to state a claim upon which relief could be granted. (See May 11, 2018 Order [Doc. No. 65], May 15, 2018 J. [Doc. No. 66].)

[2] Plaintiff originally filed his Complaint with another inmate, Hollis J. Larson, but Larson voluntarily dismissed his claims. (See Notice of Voluntary Dismissal [Doc. No. 8].) Plaintiff was granted leave to amend his Complaint to reflect this change. (See Oct. 23, 2017 Order [Doc. No. 20].) Furthermore, claims against Defendant Carlton County Jail were dismissed for failure to state a claim upon which relief could be granted. (See Oct. 6, 2017 Order [Doc. No. 15], Oct. 10, 2017 J. [Doc. No. 16].)

[3] Paragraphs 1–10 repeat throughout, so page numbers are provided for clarity.

On December 14, 2017, Plaintiff moved for class certification pursuant to Federal Rule of Civil Procedure 23. (Pl.'s Mot. Class Certification [Doc. No. 37] at 5 (citing Fed. R. Civ. P. 23(a), (b).) He does not define the scope of the proposed class, but asserts that his "Amended Complaint makes allegations that concern all of the individuals detained in the Carlton County Jail and who are threatened with future unconstitutional detention in Carlton County Jail." (Id.) Plaintiff alleges that his proposed class meets all of the Rule 23(a) and (b)(2) requirements. (Id.) He also requests court-appointed counsel on behalf of the class. (Id. at 4–5.)

In response to the class certification motion, Defendants argue that Plaintiff has failed to show that his proposed class meets the Rule 23 requirements.[4] (Carlton Cty. Defs.' Opp'n Mem. [Doc. No. 45]; Def. Tom Roy's Opp'n Mem. [Doc. No. 44].) They emphasize that Plaintiff cannot be an adequate class representative acting pro se. (Carlton Cty. Defs.' Opp'n Mem. at 4–6; Def. Tom Roy's Opp'n Mem. at 5.) Defendants alternatively contend that Plaintiff's class fails for lack of standing. (Carlton Cty. Defs.' Opp'n Mem. at 4; Def. Tom Roy's Opp'n Mem. at 4.)

In the R&R, Magistrate Judge Menendez recommends that Plaintiff's Motion for Class Certification be denied. (R&R at 3.) She concludes that Plaintiff could not be an adequate class representative acting pro se. (Id. at 2.) She additionally recommends that the Court not appoint class counsel because doing so is outside the scope of Rule 23(g).

---

[4] "Defendants" includes both the Carlton County Defendants and Defendant Tom Roy, who also submitted briefing on this matter.

3

(Id.) Magistrate Judge Menendez declines to address whether Plaintiff's claims were otherwise appropriate for class resolution. (Id.)

Plaintiff's objections are difficult to decipher, but must be read liberally in light of his pro se status. See Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). While plaintiff appears to largely repeat the arguments he made to the magistrate judge, he does specifically contend that the magistrate judge erred by (1) finding that a pro se plaintiff cannot be an adequate class representative as a matter of law, and (2) declining to appoint class counsel. (See Pl.'s Obj. to R&R.)

## II. DISCUSSION

### A. Adequacy of a Pro Se Class Representative

The District Court must conduct a de novo review of a magistrate judge's report and recommendation on dispositive motions to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). A motion for class certification is a dispositive motion under D. Minn. L.R. 7.1(c)(6)(C). Class certification is appropriate when:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011).

In analyzing Rule 23's "adequacy" requirement, "courts should consider 'both whether the class representatives have common interests with the class members,' and whether the named plaintiffs 'will vigorously prosecute the interests of the class through qualified counsel.'" Smith v. LeBlanc, No. 02-cv-4100 (ADM/RLE), 2003 WL 23101806, at *2 (D. Minn. Dec. 30, 2003) (quoting Paxton v. Union Nat. Bank, 688 F.2d 552, 662–63 (8th Cir. 1982)).

Magistrate Judge Menendez properly found that Plaintiff is unable to satisfy the adequacy requirement by virtue of his pro se status. It is well established that a non-attorney pro se plaintiff cannot adequately represent a class. Ziegler v. Michigan, 90 F. App'x 808, 810 (6th Cir. 2004) (citing Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)) ("[N]on-attorneys proceeding pro se cannot adequately represent a class."); Johns v. Cty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("[A] non-attorney . . . has no authority to appear as an attorney for others than himself.") (internal quotations omitted); Covington v. Allsbrook, 636 F.2d 63, 64 (4th Cir. 1980) ("[A] pro se litigant cannot represent the interests of his fellow inmates in a class action suit."), *abrogated on other grounds by* Becker v. Montgomery, 532 U.S. 757 (2001); see also Georgiades v. Martin-Trigona, 729 F.2d 831, 834 (D.C. Cir. 1984); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Roland v. Branch Banking & Tr. Corp., 149 F. Supp. 3d 61, 64 n.3 (D.D.C. 2015).

Decisions from this Court affirm this proposition. See Perkins v. Holder, No. 13-cv-2874 (PAM/FLN), 2014 WL 755378, at *5 n.8 (D. Minn. Feb. 26, 2014) (citing Fymbo, 213 F.3d at 1321) ("[P]ro se litigants can never represent the rights, claims and

5

interests of other parties in a class action lawsuit (or otherwise)."); Smith, 2003 WL 23101806, at *2 ("[A] pro se litigant, especially one untrained in law, cannot fairly and adequately protect the interests of the other class members."); Allnew v. City of Duluth, 983 F. Supp. 825, 830–31 (D. Minn. 1977) (providing extensive list of cases holding that pro se plaintiffs cannot be class representatives). In short, Magistrate Judge Menendez properly concluded that Plaintiff cannot adequately represent a class because of his pro se status.

### B. Court Appointment of Class Counsel

Magistrate Judge Menendez also properly recommended that the Court not appoint counsel to represent the class. (R&R at 2.) Rule 23(g)(1) states that "a court that certifies a class *must* appoint class counsel," and (g)(3) permits the court to "designate interim counsel on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g) (emphasis added). But under 23(g)(1)(A)(i), consideration of "the work counsel has done in identifying or investigating potential claims in the action" makes clear that the rule refers to counsel who already have some relationship with the present action. Id. "In a plaintiff class action the court usually would appoint as class counsel only an attorney or attorneys who have sought appointment." Fed. R. Civ. P. 23(g) advisory committee's note. "The rule simply does not contemplate appointing an attorney for a pro se litigant." Shepard v. Waterloo, No. 14-cv-2057-LRR, 2015 WL 2238358, at *1 (N.D. Iowa May 12, 2015); see also Jackson v. Dayton, No. 14-CV-4429 (WMW/JJK), 2016 WL 2931616, at *1 (D. Minn. Mar. 22, 2016) (citing Shepard, 2015 WL 2238358, at *1), *R&R adopted by* 2016 WL 2930913 (D. Minn. May

6

19, 2016). Instead, as Magistrate Judge Menendez properly concluded, Rule 23(g) simply "authorizes appointment of interim counsel to represent a putative class before deciding whether to certify a case as a class action and subsequent appointment of class counsel following certification." (R&R at 2 (citing Fed. R. Civ. P. 23(g)).)

Plaintiff cites Cornett v. Donovan, 51 F.3d 894 (9th Cir. 1995), in support of his position that civilly-committed individuals are guaranteed access to the courts. (Pl.'s Obj. to R&R at 2.)  However, there is no constitutional or statutory guarantee of counsel in a civil case. Jackson, 2016 WL 2931616, at *1. Instead, under 28 U.S.C. § 1915(e), this Court has discretion to request an attorney for a party unable to afford counsel. When deciding whether to appoint counsel, the court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). Appointments of an attorney under § 1915(e) are rare. Peterson v. Nadler, 452 F.2d 754, 757 (8th Cir. 1971), *abrogated on other grounds by* Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). In the present case, Plaintiff's requests for the appointment of counsel have already been denied once before. (Oct. 23, 2017 Order at 2–3.) The posture of this case has not substantially changed since that time, despite Plaintiff's request to have this case certified as a class action.

In conclusion, after a de novo review of the record, the Court finds that Magistrate Judge Menendez properly analyzed Plaintiff's motion for class certification. The Court

therefore adopts her recommendations denying class certification and declining to appoint counsel for Plaintiff.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection [Doc. No. 48] to Magistrate Judge Menendez's Report and Recommendation is **OVERRULED**;

2. Magistrate Judge Menendez's Report and Recommendation of January 16, 2018 [Doc. No. 47] is **ADOPTED** in its entirety; and

3. Plaintiff's Motion for Class Certification [Doc. No. 37] is **DENIED.**

Dated:  June 25, 2018　　　　　　　　　　　　　　s/Susan Richard Nelson
　　　　　　　　　　　　　　　　　　　　　　　　SUSAN RICHARD NELSON
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge