# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Guy I. Greene, and Hollis Larson, | Case No. 0:17-cv-3551-SRN-KMM |
| Plaintiffs, | |
| v. | **ORDER** |
| Kelly Lake, et al., | |
| Defendants. | |

This matter is before the Court on the "Notice of Additional Parties" filed by the Plaintiff Guy I. Greene on March 9, 2018, which seeks to add Hollis Larson as an additional plaintiff to the action. (Mot. to Am., ECF No. 54.) Mr. Larson has also filed a motion for leave to proceed *in forma pauperis*. (IFP Application, ECF No. 55.) This matter is also before the Court on Mr. Greene's "Motion for Payment of Fees and Costs," which asks the Court to appoint experts and require the defendants or the State of Minnesota to pay for such experts' assistance. (Fee Mot., ECF No. 60.) For the reasons below, the Court grants the request to add Mr. Larson as a plaintiff, grants Mr. Larson's IFP application, and denies Mr. Greene's motion for appointment of experts and payment of their fees.

## I. Motion to Amend and IFP Application

When this case was originally filed, Hollis Larson was one of two named plaintiffs alongside Guy Greene. Like Mr. Green, Mr. Larson is currently confined at the Minnesota Sex Offender Program's ("MSOP") facility in Moose Lake, Minnesota. In their original complaint, both Mr. Larson and Mr. Green made allegations against various officials relating to the conditions they experienced at the Carlton County Jail during their respective periods of confinement there. (Compl., ECF No. 1.) However,

1

on August 23, 2017, because Mr. Larson qualified as a "prisoner" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915, the Court explained that he would have to pay the full filing fee in installments and ordered Mr. Larson to pay an initial partial filing fee. (Order (Aug. 23, 2017), ECF No. 7.) Seven days after the Court issued that Order, Mr. Larson filed a notice of voluntary dismissal without prejudice indicating that he had elected not to prosecute this case. (Notice of Voluntary Dismissal, ECF No. 8.) The dismissal of Mr. Larson's claims was automatic pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Mr. Larson has apparently had a change of heart and wants to again be a party to this litigation. In the Notice of Additional Parties, Mr. Greene and Mr. Larson assert that Mr. Larson "will be added as a named plaintiff in this case." (Mot. to Am. at 1.) Mr. Larson signed the Notice of Additional Parties. (*Id.* at 2 (including Mr. Larson's signature in the "Certification of Service" section).) The Notice also states that "[t]he Complaint in this case does not need to be amended to include Mr. Larson's claims as they remain in Mr. Greene's Amended Complaint." (*Id.* at 1.) Mr. Larson filed a new application to proceed *in forma pauperis* and an affidavit in support of his request for IFP status. (IFP Application, ECF No. 55; Larson Aff. in Supp. of IFP Application, ECF No. 56.) The Court construes the Notice of Additional Parties as a motion to further amend the complaint to add Mr. Larson as a plaintiff.

The question now is whether to allow Mr. Larson back into the case as a second pro se litigant litigating his own claims against the Carlton County Defendants alongside Mr. Greene's claims. The Court treats this request as a motion for leave to amend the pleadings under Federal Rule of Civil Procedure 15(a)(2). Under this Rule, leave to amend should be freely given "when justice so requires." *Id.* "However, there is no absolute right to amend and a finding of 'undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment' may be grounds

to deny a motion to amend." *Doe v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005) (quoting *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999)).

The Carlton County Defendants[1] also responded to the motion and opposed the request to have Mr. Larson deemed a plaintiff in this litigation again. (Defs.' Mem., ECF No. 58.) They point out that Mr. Greene cannot bring claims on behalf of any other party and that Mr. Larson's claims have already been dismissed. Therefore, the Carlton County Defendants argue Mr. Larson's claims do not, in fact, "remain in Mr. Greene's Amended Complaint" as asserted in the motion to amend. (Defs.' Mem. at 3–4.)

The Court concludes that leave to amend should be granted here for three reasons. First, although the Carlton County Defendants are correct that Mr. Larson's claims were previously dismissed and that Mr. Greene (a non-lawyer) cannot represent the interests of anyone other than himself, this does not answer the question whether leave to amend should be granted. The Court is not persuaded that leave to amend should be denied based on this argument.

Second, the First Amended Complaint already contains a substantial list of allegations regarding Mr. Larson's own experience at the Carlton County Jail. Mr. Greene could not advance those claims on his own, but Mr. Larson has essentially adopted them by signing off on the motion to amend and asking that the First Amended Complaint be treated as though it contains his own claims.

Third, there is no basis in the record to deny leave to amend based on undue delay, bad faith, dilatory motive, failure to cure deficiencies by previous amendments, undue prejudice, or futility. The Carlton County Defendants raised none of these issues in their response to the motion to amend, and the Court sees no basis for such concerns.

---

[1] The Carlton County Defendants include Kelly Lake, Paul Coughlin, Brian Belich, Dave Kamunen, Jason Wilmes, Cammi Werner, and Travis Warnygora.

Accordingly, the First Amended Complaint is deemed amended to include Hollis Larson as a plaintiff in this litigation. The First Amended Complaint need not be refiled and the Carlton County Defendants are not required to file and serve an amended answer. In addition, based on his IFP Application and supporting affidavit the Court concludes that Mr. Larson has demonstrated he is financially eligible to proceed *in forma pauperis* in this litigation. Therefore, the IFP application is granted.

## II. Motion for Payment of Fees and Costs

In the motion for payment of fees and costs, Mr. Greene asks the Court to appoint expert witnesses pursuant to Federal Rule of Evidence 706 and to require the Carlton County Defendants, the State of Minnesota, or both to pay for expert witness fees and expenses. (Fee Mot.) Mr. Greene asserts that although he does not yet know "the precise extent of the required expert testimony in this case," he "anticipate[s] that he will need to provide expert testimony on at least the following topics: 1) the failure of the Carlton County Jail to establish policies and procedures that comport with constitutional protections, 2) the problems associated with the current jail and the requirements to create constitutionally acceptable conditions of confinement." (*Id.* at 1.) Specifically, Mr. Greene asserts that he seeks expert witness fees and deposition expenses related to "the services of a licensed psychologist and/or psychiatrist and an expert on prison/jail conditions and how they affect detainees." (*Id.* at 4.) In support of his request that the Defendants must advance the fees and costs of any expert witnesses, Mr. Greene cites *U.S. Marshals Service v. Means*, 741 F.2d 1053 (8th Cir. 1984), and notes that he has been granted permission to proceed IFP and cannot afford to cover the costs of expert witnesses himself. He argues that this case presents "compelling circumstances" to require Defendants to advance experts fees and costs. (*Id.* at 2–3.)

Rule 706 allows the Court to appoint expert witnesses "[o]n a party's motion or on its own." Fed. R. Evid. 706(a). The Rule also allows the Court to set a reasonable compensation for such an expert and require it to be paid "by the parties in the proportion and at the time that the court directs—and the compensation is then

4

charged like other costs." Fed. R. Evid. 706(c)(2). The decision whether to appoint an expert under the Rule is committed to the district court's discretion. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). "[T]he exercise of Rule 706 powers is rare under virtually any circumstances." 29 Charles Alan Wright, et al., *Federal Practice and Procedure* § 6304 (2d ed. April 2018 update).

In *Means*, the Eighth Circuit Court of Appeals held that a district court could "order the United States, as a party, to advance the fees and expenses of lay and expert witnesses called by the court." 741 F.2d at 1059. However, the court "strongly emphasize[d] that this discretionary power is to be exercised only under compelling circumstances." *Id.* In *Means*, such compelling circumstances were present where the government initiated a case as a plaintiff against indigent defendants who were allegedly illegally occupying land in a national forest. *Id.* at 1055. In the middle of trial, when the defendants attempted to subpoena trial witnesses, the United States Marshals Service refused. *Id.* The district court ordered the Marshals Service to serve the subpoenas and advance the witness fees. *Id.* In reaching its conclusion that the district court acted within its discretion, the Eighth Circuit emphasized that it was the government that initiated the case against indigent defendants:

> [W]here the United States brings an action and its opposition lacks funds to present indispensable defense testimony, the government plaintiff may, under the limited circumstances presented in this case, be required by the district court to advance expenses for these witnesses subject to a final award of costs to the prevailing party at the conclusion of the litigation.

*Id.* at 1059.

Having considered the standards for appointment of a neutral expert under Rule 706 and the Eighth Circuit's decision in *Means*, the Court finds that appointment of an expert is unwarranted. At this stage of the litigation there has been no showing that Mr. Greene will require the testimony or analysis of a mental-health expert or an expert on "prison/jail conditions" to advance his claims. This does not appear to be a case in which Mr. Greene's claims would be unable to survive summary judgment

5

unless he is able to provide evidence from an expert that he cannot afford. *See Spann v. Roper*, 453 F.3d 1007, 1009 (8th Cir. 2006) (reversing district court's order granting summary judgment to defendants and observing that it was "incongruous that the district court denied Spann's motion for an expert witness and then granted summary judgment in part based on Spann's failure to provide verifying medical evidence that the delay [in receiving medical attention to deal with a known medication overdose] had detrimental effects").

The Court also finds that Mr. Greene has failed to show that his underlying claims, which concern allegedly sub-standard conditions at the Carlton County Jail and alleged retaliatory acts by County employees, are sufficiently complicated to require the testimony or report of an independent mental-health expert or an expert on conditions at correctional institutions. *See Rachel*, 820 F.3d at 397–98 (affirming district court's denial of Mr. Rachel's motion to appoint a medical expert in a case involving alleged medical neglect, reasoning that "the nature of Mr. Rachel's underlying claim is not sufficiently complicated to require an independent medical expert").

Finally, the Court finds that this case does not present uniquely compelling circumstances akin to those that were present in *Means*, and therefore, requiring the Carlton County Defendants to advance the fees and expenses of lay and expert witnesses would not be appropriate. This is not a case where the Carlton County Defendants initiated a court proceeding against Mr. Greene or where comparable circumstances exist that justify appointment of expert witnesses and advance payment of their fees and costs. Nor is it at all clear that the expert testimony Mr. Greene requests is "indispensable" to his case. *See Means*, 741 F.3d at 1059.

For these reasons, Mr. Greene's Motion for Payment of Fees and Costs is denied.

**III. Order**

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. The motion to amend **(ECF No. 54)** is **GRANTED**. Hollis Larson shall be added to the caption of this case as a plaintiff. The Amended Complaint shall continue to be treated as the operative pleading in this matter and shall be construed as including the individual claims of both Mr. Green and Mr. Larson.
2. Mr. Larson's application to proceed *in forma pauperis* **(ECF No. 55)** is **GRANTED**.
3. The Motion for Payment of Fees and Costs **(ECF No. 60)** is **DENIED**.

Date: July 9, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge