UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Guy I. Greene, and Hollis Larson, | Case No. 0:17-cv-3551-SRN-KMM |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kelly Lake, et al., | |
| Defendants. | |

This matter is before the Court on Mr. Greene's motion for a temporary restraining order ("TRO"). (TRO Mot., ECF No. 71.) Mr. Greene asks the Court to issue an injunction requiring officials affiliated with the Minnesota Sex Offender Program ("MSOP") facility in Moose Lake, Minnesota, where he is currently civilly committed, to allow him to have his own personal laptop computer for litigation in federal court. (*Id.* at 2 ("Plaintiff asks the court to consider a motion for a **Temporary Restraining Order** against defendants and to enjoin them from denying plaintiff access to his personal computer to gain limited internet access to legal websites, law firms, law schools, government agencies, the media and to U.S. District Court houses.") (bold text in original).)

Mr. Greene made a previous request in this litigation through two separate letters docketed in this case on May 11, 2018. (ECF Nos. 63 & 64.) On June 4, 2018, this Court issued an Order denying Mr. Greene's request because MSOP is not a party in this case. (Order (June 4, 2018) at 2–3, ECF No. 70.)[1] The same reasoning applies

---

[1] Mr. Greene's motion for a TRO is dated June 4, 2018. (TRO Mot. at 13.) He likely placed the TRO motion in the MSOP mail system before he received a copy of this Court's June 4, 2018 Order.

1

to his current TRO motion. Neither MSOP nor any of the MSOP officials listed in his TRO motion are parties to this case, so the Court cannot issue an order in this action requiring them to allow Mr. Greene to have a personal laptop computer. See *King v. Holland*, No. 1:15-cv-01885-DAD-BAM (PC), 2017 WL 1632132, at *1 (E.D. Cal. May 2, 2017), *report and recommendation adopted*, No. 1:15-cv-01885-DAD-BAM, 2017 WL 3421570 (E.D. Cal. Aug. 9, 2017) ("Additionally, district courts lack the authority to issue an injunction directed at an entity or individual that is not a party before it."); *Tolbert v. Koenigsmann*, No. 9:13-cv-1577 (LEK/DEP), 2016 WL 3349317, at *3 (N.D.N.Y. June 15, 2016) ("The Court has no power to enforce an injunction against individuals who are not parties to the lawsuit."). Accordingly, the Court recommends that Mr. Greene's motion for a TRO be denied.

In his motion, Mr. Greene refers to a "new proposed civil rights complaint" and states that he "is now faced with a set of new defendants at MSOP. . . ." (TRO Mot. at 1–2.) He indicates that a proposed complaint is attached to his recent filings, detailing alleged retaliation against him by MSOP personnel for the filing of this lawsuit. (*Id.* at 1–2 ("**See** Attached Proposed Complaint filed **Greene v. Osborne-Leivian**") (emphasis in original); *id.* at 3 ("The MSOP program is retaliating against plaintiff for filing civil rights complaints.").) The docket in this case does not include any such attachment, but Mr. Greene has filed a new case pursuant to 42 U.S.C. § 1983 against many of the MSOP officials identified in his motion for a TRO. *See Greene v. Osborne-Leivian, et al.*, No. 0:18-cv-01677-PJS-KMM, Doc. No. 1 (D. Minn. June 8, 2018). Nevertheless, Mr. Greene's filing of a separate civil rights proceeding does not make this case the proper forum for obtaining the relief he seeks.

### Recommendation

For the reasons set forth above, **IT IS HEREBY RECOMMENDED THAT** Mr. Greene's motion for a temporary restraining order **(ECF No. 71)** should be **DENIED**.

Date: July 9, 2018                                *s/ Katherine Menendez*
                 Katherine Menendez
                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.