UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HOLLIS J. LARSON and GUY I. GREENE, | Case No. 0:17-cv-3551-SRN-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| KELLY LAKE; PAUL COUGHLIN; BRIAN BELICH; JASON WILMES; CAMMI WERNER; TRAVIS WARNYGORA; JOHN DOES, an unknown number; and JANE DOES, an unknown number; | |
| Defendants. | |

One of the plaintiffs in this case, Guy I. Greene, filed several letters dated July 26, 2018. (ECF No. 79.) In one of these letters, Mr. Greene renews his request for appointment of counsel.[1] (*Id.* at 5–7 (Letter from G. Greene to Nelson, J., and Menendez, M.J. (July 26, 2018).) Mr. Greene asserts that personnel at the Minnesota Sex Offender Program facility in Moose Lake, MN, "retaliated against Greene by asking [Minnesota Department of Corrections] employees through a Hearings and Release Unit hearing to violate Mr. Greene's parole agreement on June 26, 2018." (*Id.* at 5.) Because the DOC "found Greene guilty of violating his conditional release agreement [he] was sent to prison for 90 days of accountability time." (*Id.* at 5–6.)

---

[1] The Court has previously denied other requests for appointment of counsel in this case by Mr. Greene. (Order (Oct. 23, 2017), ECF No. 20; Order (June 4, 2018), ECF No. 70.)

1

Mr. Greene is now located at the Minnesota Correctional Facility in Rush City, MN. (*Id.* at 6.) He asserts that being incarcerated at MCF-Rush City interferes with his ability to litigate his case; had made it "extremely difficult" for him to communicate with Hollis Larson (his co-plaintiff); and caused him to miss a deadline to request expert testimony. (*Id.*) Further, Mr. Greene states that MCF-Rush City personnel confiscated mail sent to him by another MSOP "client," Eugene Banks, which provided contact information from an expert witness. (*Id.*) Finally, Mr. Greene argues that he was forced to file another § 1983 civil rights complaint because of retaliation by MSOP personnel,[2] and appointing counsel will deter additional retaliation while also assisting the court and the plaintiffs in preparing for a jury trial in this case. (*Id.* at 6–7.)

Mr. Greene's request for appointment of counsel is denied without for the same reasons provided in the Court's October 23, 2017 and June 4, 2018 Orders denying his prior requests. (ECF Nos. 20, 70.) As has been true throughout this litigation, Mr. Greene is quite capable of communicating with the Court, having filed several motions and other requests. He has demonstrated the ability to cite legal authority relating to his requests and otherwise shown himself capable of litigating his case. The difficulties he identifies, such as meeting the July 2, 2018 expert disclosure deadline, communicating with others confined at the MSOP facility, and preparing his case through consultation with his co-plaintiff, Mr. Larson, do not require the appointment of counsel.[3] There is no indication that Mr. Greene suffers any impediment that is unusual or extraordinary when compared to those encountered by other *pro se* litigants who are confined in institutions within the State of Minnesota.

---

[2]  Mr. Greene refers to *Greene v. Osborne-Leivian, et al.*, No. 0:18-cv-01677 (PJS/KMM), Doc. No. 1 (D. Minn. June 8, 2018) (Complaint).

[3]  The concerns Mr. Greene has raised, at most, suggest there may be a reason to modify certain deadlines the Court has established to accommodate his changed circumstances. Mr. Greene has made no such request.

For these reasons, Mr. Greene's letter request for appointment of counsel **[ECF No. 70 at 5–7]** is **DENIED**.

Date: August 1, 2018               *s/Katherine Menendez*
                                   Katherine Menendez
                                   United States Magistrate Judge