UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Guy I. Greene and Hollis Larson, | Case No. 17-cv-3551 (NEB/ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| Kelly Lake, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Guy I. Greene's "Motion for Payment of Fees and Costs," which asks the Court to appoint experts and require Defendants to pay for such experts' assistance. (Dkt. No. 84.) For the reasons stated below, the Court denies Greene's renewed motion for appointment of experts and payment of their fees and costs.

## **FACTUAL BACKGROUND**

This case arises out of Greene's civil rights claims pursuant to 42 U.S.C. § 1983 regarding a term of incarceration at Carlton County Jail ("Jail"). Greene's Amended Complaint (Dkt. No. 25) alleges constitutional violations as a result of conditions in the Jail.

On March 16, 2018, Greene filed his first self-styled "Motion for Payment of Fees and Costs." (Dkt No. 60.) In that motion, Greene requested an order from the Court to appoint expert witnesses pursuant to Federal Rule of Evidence 706 and to require the Carlton County Defendants, the State of Minnesota, or both to pay for expert witness fees

1

and expenses. On July 9, 2018, United States Magistrate Judge Katherine Menendez denied Greene's motion. (Dkt. No. 75.)

A little over a month later, Greene brought the present second "Motion for Payment of Fees and Costs" seeking to tax expert costs on Defendants under 28 U.S.C. § 1920. The request for relief and its basis in the present Motion is virtually identical to the motion that was denied by Magistrate Judge Menendez.[1] This includes Greene's assertions that while he does "not know the precise extent of the required expert testimony in this case," he "anticipate[s] that he will need to provide expert testimony on at least the following topics: 1) the failure of the Carlton County Jail to establish policies and procedures that comport with constitutional protections, 2) the problems associated with the current jail and the requirements to create constitutionally acceptable conditions of confinement." (Dkt. Nos. 84 at 1-2; 86 ¶ 3.) Similar to his previous motion, Greene also presently seeks payment of expert witness fees and deposition expenses related to "the services of a licensed psychologist and/or psychiatrist and an expert on prison/jail conditions and how they affect detainees." (Dkt. No. 84 at 5-6.) The only substantive difference between the two motions is a discussion in the present Motion of Greene's

---

[1] This Court concludes that the present Motion constitutes a motion for reconsideration of Magistrate Judge Menendez's Order. "Except with the court's prior permission, a party must not file a motion to reconsider." D. Minn. LR 7.1(j). Greene failed to seek permission from the Court before filing the present Motion. Regardless of his *pro se* status, Greene must comply with the Local Rules for the District of Minnesota. *See Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 726 (D. Minn. 2015) ("Notwithstanding Plaintiff's *pro se* status, Plaintiff is still bound to comply with the Local Rules of this Court.") (citation omitted). A copy of the rules can be found online at http://www.mnd.uscourts.gov/local_rules/index.shtml. Accordingly, because Plaintiff failed to comply with the procedural requirements applicable to his Motion prior to filing it, the Court could deny the Motion on this basis alone. However, the Court will proceed in this instance to consider the merits of the motion.

attempts to seek appointment of counsel; his separate civil rights complaint for retaliation; and his assertion that defendants' alleged retaliation and the conduct of potential legal counsel caused him to miss the July 2, 2018 deadline to submit an expert plan under the Court's February 21, 2018 Scheduling Order. (*Id.* at 2-3; *see also* Dkt. No. 86 ¶¶ 5-8, 13-15.)

Defendants oppose Greene's Motion on the basis that it is nearly identical to his first denied motion and because he failed to provide compelling circumstances to warrant granting the motion. (Dkt. No. 87.)

## **DISCUSSION**

Greene provides two arguments supporting his motion for the payment of costs relating to expert witnesses. First, Greene claims he is entitled to an expert because he is indigent and has been granted for *in forma pauperis* ("IFP") status. Greene makes this argument while at the same time acknowledging "that the federal IFP law does not appear to encompass the expenses requested here." (Dkt. No. 84 at 2.) Indeed, 28 U.S.C. § 1915, the statutory authorization for IFP status, does not authorize court-subsidized experts or, for that matter, payment by the court or an opposing party of any litigation expenses other than court fees. *See Vogel v. Turner*, No. 11-cv-0446 (PJS/JJG), 2013 WL 358874, at *11 (D. Minn. Jan. 8, 2013), *R. & R. adopted*, 2013 WL 359072 (D. Minn. Jan. 30, 2013) (citations omitted)); *see also U.S. Marshals Serv. v. Means,* 741 F.2d 1053, 1056 (8th Cir. 1984) ("The plain language, statutory context and legislative history of 28 U.S.C. § 1915 convince us that the statute neither expressly nor implicitly authorizes the payment of the witness fees and expenses as ordered by the district court."). Therefore, the Court denies Greene's motion to have the Court appoint an

expert and for payment of their fees and costs to the extent that it is based on his IFP status under 28 U.S.C. § 1915.

Second, Greene argues that the Court should exercise its discretion under Federal Rule of Evidence 706 to appoint an expert. In particular, Greene relies on Rule 706, which allows a court to allocate the cost of an appointed expert among the parties during the case, and then charge it like other costs at the end of the case. *See* Fed. R. Evid. 706(a), (c). Federal Rule of Evidence 706 allows the appointment of an expert "'to aid the Court,' **and not for the benefit of one of the parties**." *Rueben v. United States*, No. 2:13- CV-33-DPM-JTK, 2014 WL 5460574, at *3 (E.D. Ark. Sept. 26, 2014), *R. & R. adopted* (E.D. Ark. Oct. 27, 2014), *aff'd sub nom. Rueben v. Outlaw*, 614 F. App'x 861 (8th Cir. 2015) (quoting *Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008)) (emphasis added). Such an appointment under Rule 706 is "a relatively infrequent occurrence." *See* Fed. R. Evid. 706 advisory committee notes to 1975 amendment. District courts in the Eighth Circuit, including in this District, have "consistently held that indigent civil litigants are required to bear the costs of their own experts." *Vogel*, No. 11-cv-0446, 2013 WL 358874, at *11 (citing *Reyna v. Weber*, No. Civ. 11-4044, 2012 WL 2999768, at *2 (D. S.D. June 29, 2012)); *Holloway v. Lott*, No. 4:08-cv-00821-GTE, 2009 WL 2778665, at *1 (E.D. Ark. Aug. 28, 2009) (citations omitted)).

In *U.S. Marshals Service v. Means*, 741 F.2d 1053 (8th Cir. 1984), relied upon by Greene, the Eighth Circuit held that under Rule 706, "the district court may order the United States, as a party, to advance the fees and expenses of lay and expert witnesses called by the court, such fees and expenses later to be taxed as costs. . . . ." *Id.* at 1059. The facts in *Means* differ greatly from the present case, as the United States instituted

4

that action against the indigent plaintiff and initially paid the fees and expenses for Means' pretrial witnesses on several occasions. Yet, at trial, after presenting its case, the United States refused to pay for the defendants' trial witnesses. The court concluded that "fairness in interactions between citizens and the government make the exercise of discretion especially appropriate in the present case because the United States is the party responsible for hampering the progress of the ongoing trial." 741 F.2d at 1059. However, the court also noted that "we strongly emphasize that this discretionary power [to appoint experts] *is to be exercised only under compelling circumstances*." *Id.* (emphasis added).

Other Eighth Circuit decisions have suggested that a court may find compelling circumstances for the appointment of an expert where the expert is necessary for the claim to survive summary judgment. In *Spann v. Roper*, 453 F.3d 1007 (8th Cir. 2006), the inmate plaintiff was injured after a nurse gave him a medication intended for another inmate. 453 F.3d at 1008. The plaintiff filed an Eighth Amendment claim pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. The Eighth Circuit reversed the district court's decision granting summary judgment, finding that a jury could conclude that the nurse was deliberately indifferent to Spann's medical needs when she left him in his cell for three hours after she became aware of her mistake. *Id*. The Eighth Circuit then found that it was "incongruous that the district court denied Spann's motion for an expert witness and then granted summary judgment in part based on Spann's failure to provide verifying medical evidence that the delay had detrimental effect." *Id.* at 1009.

5

The Court finds no "compelling circumstances" to warrant appointing an expert in this case. As Magistrate Judge Menendez concluded in her Order on Greene's previous motion seeking costs for an expert, Greene made no showing that he will require the testimony or analysis of a mental-health expert or an expert on "prison/jail conditions" to advance his claims or that he will be unable to survive summary judgment without an expert. (Dkt. No. 75 at 5-6.) Greene continues to make no such showing in the renewed motion.[2] In fact, Greene admits in his present motion that he "does not know the precise extent of the required expert testimony in this case." (Dkt. Nos. 84 at 1; 86, ¶ 3.) Therefore, absent compelling circumstances or statutory authority, this Court denies Greene's Motion for Payment of Fees and Costs.

## CONCLUSION

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

Plaintiff's Motion for Payment of Fees and Costs (Dkt. No. 84) is **DENIED**.

DATED: September 25, 2018　　　　　　　　　　*s/Elizabeth Cowan Wright*
　　　　　　　　　　　　　　　　　　　　　　ELIZABETH COWAN WRIGHT
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] While Greene argues that Defendants and others allegedly impeded his ability to timely propound an expert plan under the Court's Scheduling Order, Greene should have sought relief under Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16.3, as opposed to the present Motion.