# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Guy I. Greene and Hollis Larson, | Case No. 17-cv-3551 (NEB/ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| Kelly Lake, et al., | |
| Defendants. | |

This matter comes before the undersigned on Plaintiffs' Motion for the Appointment of Counsel. (Dkt. No. 92.) Plaintiffs also brought a Motion to Reopen Discovery and to Change the Pretrial Scheduling Order (Dkt. No. 97) as part of their reply in support of the Motion for the Appointment of Counsel. For the reasons stated below, the Court denies Plaintiffs' requested relief.

Plaintiffs have made multiple requests for appointment of counsel, and all previous requests having been denied. (*See, e.g.,* Dkt. Nos. 20, 73, 80.) Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citation omitted). Indeed, with exceptions not relevant here, district courts lack statutory authority to formally appoint counsel—that is, to "require an unwilling attorney to represent an indigent litigant"—in most civil cases. *Mallard v. U.S. Dist. Ct. for the Dist. of Iowa*, 490 U.S. 296, 298 (1989); *compare* 18 U.S.C. § 3006A (providing authority to appoint counsel in criminal cases). Instead, the Court "**may request** an attorney to represent any person unable to afford counsel" in a civil case. 28 U.S.C. § 1915(e)(1) (emphasis added). The Eighth Circuit

1

"has delineated certain criteria for district courts to consider in deciding whether to **recruit** counsel, including the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (emphasis added) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).

      Here, Plaintiffs claim they need counsel because they require assistance to "investigate the facts," want help with "considerable discovery," and face conflicting testimony regarding witnesses. (Dkt. No. 93 at 5-6.) Civil plaintiffs are not entitled affirmative assistance from the Court in litigating their claims, including conducting discovery. *See Brown v. Cooper*, No. CV 18-219 (DSD/BRT), 2018 WL 3360769, at *1 (D. Minn. July 10, 2018) (*citing Baker v. Immanuel Med. Ctr.*, No. 8:06CV655, 2007 WL 2914547, at *2 (D. Neb. Oct. 3, 2007) ("Granting leave to proceed in forma pauperis does not grant the right to affirmative assistance from the court in conducting discovery.")). Even assuming that the Court concludes Plaintiffs needed assistance with discovery, which it does not, discovery in this matter closed on November 1, 2018, rendering assistance from counsel in this regard mostly moot. (Dkt. No. 52.)

      Plaintiffs have asked as part of their reply in support of the motion for the appointment of legal counsel that the Court reopen discovery pursuant to Rule 16 of the Federal Rules of Civil Procedure, on the basis that Defendants allegedly refused to respond their discovery requests because they were untimely served, even though they were allegedly served before November 1, 2018. (Dkt. No. 97 at 1.) The scheduling order in this case was entered on February 21, 2018. (Dkt. No. 52.) The scheduling order provides in relevant part:

> **November 1, 2018** - All discovery of any kind shall be commenced in time to be completed by this date.

(Dkt. No. 52 at 2 (emphasis in original).)[1]

Scheduling orders pursuant to Rule 16(b)(1) "assure[ ] that at some point both the parties and the pleadings will be fixed . . ." Fed. R. Civ. P. 16(b), advisory committee's note to 1983 amendment. Moreover, "Rule 16(b) assures that '[a] magistrate judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril.'" *Archer Daniels Midland v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 582 (D. Minn. 1999) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Similarly, Local Rule 16.3 requires a party moving to modify a scheduling order to "establish good cause"

---

[1] This Court notes that Rule 33 (allowing for written interrogatories), Rule 34 (allowing written requests for the production of documents), and Rule 36 (allowing for written requests for admissions) under the Federal Rules of Civil Procedure give a responding party 30 days to respond. Plaintiffs have not said on which date their written discovery requests were served, nor have they represented that they served their discovery "in time to be completed" by November 1, 2018, as the scheduling order requires. To the extent that Plaintiffs did not serve their written discovery requests on Defendants in time to be completed by November 1, 2018 (*i.e.*, 30 days before the discovery cutoff of November 1, 2018, plus an additional 3 days if the service was via mail), then Defendants would have no obligation to respond because the written discovery would be outside of the scheduling order's deadline requiring that the discovery be served in time so that any response would be due on or before November 1, 2018. *See Mallak v. Aitkin Cty.*, No. 13-CV-2119 (DWF/LIB), 2016 WL 8607391, at *12 (D. Minn. June 30, 2016), *aff'd*, 2016 WL 8607392 (D. Minn. Sept. 29, 2016) (citations omitted) ("[M]any courts, including this one, that have held that a discovery request brought too close to the deadline for discovery is untimely, even when the discovery request was brought before the discovery deadline."). To the extent Plaintiffs are asserting in good faith as part of their reply that they served the discovery in question in time to be completed by November 1, 2018, they may bring a motion to compel responses to that discovery that specifies the date of service.

for the proposed modification. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (citing *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir. 2006)). Rule 16(b) focuses on "the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of unpersuasive excuses, inclusive or inadvertence and neglect, which commonly undergird an untimely Motion to Amend." *Scheidecker v. Arvig Enters.*, 193 F.R.D. 630, 632 n.1 (D. Minn. 2000) (citations omitted).

It was incumbent on Plaintiffs to be familiar with the deadlines imposed by the Court in its scheduling order. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."). Plaintiffs have had over eight months to conduct discovery, yet apparently waited too late to serve their written discovery on Defendants. Any assertion that they were unable to serve written discovery or conduct other discovery in this case is disingenuous given Plaintiffs' apparent ability to file several motions with the Court over the same time period. (*See*, *e.g.*, Dkt. Nos. 54, 60, 71, 84.) The Court finds no good cause to extend the discovery deadline in this case.

The remainder of Plaintiffs' arguments in support of their request for the appointment of counsel focuses on the complexity of the legal issues in this case, their health issues and their lack of access to a law library and legal materials necessary to prosecute their claims. (Dkt. No. 93 at 5-8; Dkt. No. 94.) Plaintiffs have demonstrated throughout this litigation the ability to seek relief from the Court, having filed several

motions and other requests.  They have also has demonstrated the ability to cite legal authority, as is evidence by the numerous case citations included in support of the as part of the present Motion and have otherwise shown themselves capable of litigating this case.  There appear to be no indications (except for their own lack of diligence as it relates to the Court's scheduling order) that Plaintiffs suffer any impediment that is unusual or extraordinary when compared to those encountered by other pro se litigants who are confined in institutions within the State of Minnesota.

Based upon all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for the Appointment of Counsel (Dkt. No. 92) is **DENIED**; and

2. Plaintiffs' Motion to Reopen Discovery and to Change the Pretrial Scheduling Order (Dkt. No. 97) is **DENIED**.

DATED: January 22, 2019                     *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge