# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| HOLLIS J. LARSON and GUY I. GREENE,<br><br>Plaintiffs,<br><br>v.<br><br>CARLTON COUNTY JAIL; KELLY LAKE, Carlton County Sheriff; PAUL COUGHLIN, Carlton County Jail Administrator; BRIAN BELICH, Carlton County Deputy Sheriff; JASON WILMES, Carlton County Jail Sergeant; CAMMI WERNER, Carlton County Jail Employee; TRAVIS WARNYGORA, Carlton County Jail Employee; DAVE KUMANEN, Carlton County Jail Sergeant; JOHN DOES and JANE DOES, an unknown number; all in their individual and official capacities,<br><br>Defendants. | Case No. 17-CV-3551 (NEB/ECW)<br><br>ORDER ON REPORT AND RECOMMENDATION |

The Court has received the June 10, 2019 Report and Recommendation of United States Magistrate Judge Elizabeth Cowan Wright. [ECF No. 124 ("R&R").] In the R&R, Judge Wright recommends granting Defendants' motion for summary judgment in part. Both parties filed objections. This Court reviews de novo those portions of the R&R to which objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* D. Minn.

L.R. 72.2(b)(3). For the reasons below and based on a de novo review, the Court accepts the R&R as modified.

**DEFENDANTS' OBJECTIONS**

Defendants object to the R&R, arguing: (1) that the fictitious parties should be dismissed with prejudice, and (2) that Plaintiff Greene's Free Exercise and Equal Protection claims against Jail Administrator Paul Coughlin should be dismissed.[1] As to the fictitious parties, courts routinely dismiss unknown defendants without prejudice if they remain unidentified following discovery. *See, e.g.*, *Brown v. City of Bloomington*, 280 F.Supp.2d 889, 892 (D. Minn. 2003). Defendants rely on *Thornton v. U.S. Dep't of Justice*, 93 F. Supp. 2d 1057, 1064 (D. Minn. 2000) to support their argument for dismissal with prejudice. This reliance is misplaced, because in *Thornton*, Chief Judge Tunheim dismissed the fictitious parties *without* prejudice. *See id*. ("… The Court accordingly dismisses them without prejudice."). Defendants' objection on this basis lacks merit; the R&R was correct.

Defendants' second objection questions the sufficiency of the allegations that purport to set forth the basis for Greene's Free Exercise and Equal Protection claims. [ECF No. 25,

---

[1] Defendants argue for the first time in their Objection that the Free Exercise and Equal Protection claims should be dismissed for failure to exhaust administrative remedies. [ECF No. 125 at 9–10.] Because Defendants failed to raise it before Judge Wright, the Court need not consider this new argument. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) ("A party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge."). "To hold otherwise would allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000).

First Amended Complaint ("Complaint" or "Am. Compl.") ¶¶ 113–14.] Before Judge Wright, Defendants challenged the sufficiency of the Complaint under Rule 12(c) and, in the alternative, sought summary judgment under Rule 56. [ECF No. 98.] The R&R focused exclusively on the Defendants' summary judgment motion. Defendants now argue that the Court must first consider whether the Complaint adequately pleads a claim upon which relief can be granted before determining whether summary judgment is proper. [ECF No. 125 at 6 (citing *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).] Indeed, where the operative complaint fails to provide notice of the basis for a plaintiff's allegations and leaves the defendant without enough information to compose an adequate response, it is properly dismissed, even before a contemporaneous summary judgment motion is considered. *See, e.g.*, *Brooks*, 776 F.3d at 960. Thus, before examining the R&R's recommendation on summary judgment, the Court looks at the sufficiency of the Complaint.

Rule 12(h)(2) provides that a party may raise the defense of "[f]ailure to state a claim upon which relief can be granted . . . by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2). Courts apply the same standards to analyze a Rule 12(c) motion for judgment on the pleadings for failure to state a claim as a pre-answer Rule 12(b)(6) motion to dismiss for failure to state a claim. *See, e.g.*, *In re Levaquin Prods. Liab. Litig.*, 752 F. Supp. 2d 1071, 1076 (D. Minn. 2010); *see also In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) ("As a general rule, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss." (quoting *Ginsburg v. InBev NV/SA*,

623 F.3d 1229, 1233 n.3 (8th Cir. 2010))). Accordingly, the Court reviews the Complaint for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). And while pro se complaints are liberally construed, pro se plaintiffs must still "allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The Complaint, measured against this standard, falls far short. It alleges that on "information and belief, that while plaintiff eye-witnessed the unprofessional attitude that defendants operate under, allows defendants to be deliberate indifferent to class members First Amendment constitutional right to practice their Native American religion." [Am. Compl. ¶ 113.] It also alleges that "Defendants simply fail to be a friend and a neighbor to

---

[2] In assessing the sufficiency of the allegations, the Court considers "only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the [C]omplaint.'" *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)). But "[w]ith regard to exhibits that are properly attached to the [C]omplaint, . . . it is not the duty of the [C]ourt to wade through [the] exhibits to determine whether or not [Greene] has claims cognizable under section 1983." *Pogue v. Yates*, No. 1:07-CV-01577-OWW-SMS-PC, 2008 WL 220138, at *2 (E.D. Cal. Jan. 25. 2008). "If [Greene] attaches exhibits . . . each exhibit must be specifically referred to." *Id.*

4

the Native American community and provide the necessary resources and programming as it offers white people or Caucasian inmates to reduce recidivism." (*Id.* ¶ 114.) It does not allege any specific conduct that infringed Greene's right to religious freedom. Because the Complaint's allegations are conclusory and advance no facts supporting a constitutional claim, the Court is unable to discern the "essence of [the] allegation." *Stone*, 364 F.3d at 915. Even under a liberal construction, the Court cannot "supply additional facts or fashion a legal theory that assumes facts that have not been pleaded." *Benjamin v. Experian Info. Sols., Inc.*, No. 14-CV-810 (JRT/JJG), 2014 WL 3509044, at *2 (D. Minn. July 15, 2014) (citing *Stone*, 364 F.3d at 914–15). Thus, the Court concludes that the Complaint does not give the Defendants fair notice of the basis for any alleged Free Exercise or Equal Protection violations. The Court grants the Defendants' 12(c) motion [ECF No. 98] and dismisses the Free Exercise and Equal Protection claims without prejudice.[3]

## PLAINTIFFS' OBJECTIONS

Through multiple filings,[4] Plaintiffs bring these objections: (1) the R&R misconstrues several facts and did not view the evidence in the light most favorable to Plaintiffs; (2) Defendants are not entitled to qualified or official immunity; (3) Plaintiffs are entitled to

---

[3] Because it is granting the Defendants' Rule 12(c) motion, the Court concludes that it need not reach whether summary judgment is proper with respect to Greene's Free Exercise and Equal Protection claims.

[4] The Court takes notice that ECF Nos. 129 and 130 were untimely filed and appear to function as reply briefs. While the local rules do not permit such filings, *see* D. Minn. LR 72.2(b), the Court will construe the Plaintiffs' pro se filings liberally to include objections raised in these replies.

injunctive relief; (4) Plaintiffs have shown viable *Monell* claims; (5) the Court should appoint counsel for Plaintiffs; and (6) Defendants committed perjury by misrepresenting the facts. After a de novo review of the record, the Court agrees with the R&R's astute analysis and overrules these objections.

A few issues raised in Plaintiffs' objections warrant explanation. As to the first objection, Larson concedes that many of the facts that he claims Judge Wright misrepresented in the R&R are irrelevant to the disposition of his claims. [*See* ECF No. 126 at 3.] Because any alleged factual dispute "must be outcome determinative under prevailing law," Larson cannot rely on these irrelevant facts to successfully oppose summary judgment. *State Automobile Ins. Co. v. Lawrence*, 359 F.3d 982, 985 (8th Cir. 2004) (quoting *Holloway v. Pigman*, 885 F.2d 365, 366 (8th Cir. 1989)). Further, although the Court must view facts in the light most favorable to the non-movant, to resist a motion for summary judgment a non-movant "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). The Court agrees with the R&R's determination that Plaintiffs failed to meet their burden because, after the Defendants satisfied their initial burden by showing that they were entitled to judgment as a matter of law, Plaintiffs did not come forward with such specific facts. Indeed, with respect to several key events the video evidence "blatantly contradicted"

Plaintiffs' version of the facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In these circumstances, the R&R properly determined that Plaintiffs could not generate a dispute of material fact and resist summary judgment. Finally, requesting that the Court find Defendants in contempt for perjury is procedurally improper. The Court denies this request.

## CONCLUSION

Based on all the files, records, and proceedings here, the Court ACCEPTS as modified the R&R [ECF No. 124]. Accordingly, IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss or Alternatively for Summary Judgment [ECF No. 98] is GRANTED as follows:

1. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE to the extent they seek injunctive relief;

2. Plaintiffs' claims against Carlton County Jail are SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915A;

3. Plaintiffs' claims against Carlton County Sheriff Kelly Lake, Deputy Sheriff Brian Belich, Jail Sergeant Jason Wilmes, Jail Sergeant Dave Kamunen, Cammi Werner, and Travis Warnygora are DISMISSED WITH PREJUDICE;

4. Greene's Free Exercise and Equal Protection religious claims against Jail Administrator Paul Coughlin are DISMISSED WITHOUT PREJUDICE;

5. Plaintiffs' remaining claims against Jail Administrator Paul Coughlin are DISMISSED WITH PREJUDICE;

6. Plaintiffs' Intentional Infliction of Emotion Distress and Negligent Infliction of Emotional Distress are DISMISSED WITH PREJUDICE;

7. Plaintiffs' claims against all unknown numbers of John Does and Jane Does are DISMISSED WITHOUT PREJUDICE;

8. Plaintiff's request for appointment of a medical/psychological expert and for appointment of counsel is DENIED.

LET JUDGMENT BE ENTERED.

Dated: September 4, 2019

BY THE COURT:

s/Nancy E. Brasel

Nancy E. Brasel
United States District Judge